IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SRI RAGHUNATHA VENKATESWARA BABU BANGARU<br>Plaintiff,<br>v.<br><br>SHELL U.S. HOSTING COMPANY, SHELL OIL PRODUCTS, U.S., SHELL EXPLORATION AND PRODUCTION COMPANY<br>Defendants. | § § § § § § § § § § § § § | JURY TRIAL DEMANDED |

FILED
FEB 27 2017
David J. Bradley, Clerk of Court

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Sri Raghunatha Venkateswara Babu Bangaru files his Complaint against Defendants Shell U.S. Hosting Company, Shell Oil Products, U.S., Shell Exploration and Production Company alleging breach of Plaintiff's employment contract. In support, Plaintiffs state as follows:

### PARTIES

1. Plaintiff Sri Raghunatha Venkateswara Babu Bangaru ("Bangaru") is a citizen of the United Kingdom who currently resides in Houston, Harris County, Texas, and resided in Texas at all relevant times.

2. Defendant Shell U.S Hosting Company is a Delaware company doing business in Harris County, Texas. Defendant may be served with the Summons and Complaint through its registered agent for service of process CT CORPORATION, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201. Alternatively, Defendant may be served in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure.

3. Defendant Shell Oil Products, U.S. is a Delaware company doing business in Harris County, Texas. Defendant may be served with the Summons and Complaint through its registered agent for service of process THE PRENTICE-HALL CORPORATION SYSTEM INC, 800 BRAZOS ST STE 750 AUSTIN, TX 78701-2554. Alternatively, Defendant may be served in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure

4. Defendant Shell Exploration and Production Company is a Delaware company doing business in Harris County, Texas. Defendant may be served with the Summons and Complaint through its registered agent for service of process CT CORPORATION, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201. Alternatively, Defendant may be served in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff is a non-resident alien. Defendants are Delaware companies. The amount in controversy is in excess of $75,000.00.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because some or all of the events or omissions giving rise to this claim arose within this district.

## FACTS

7. Plaintiff has worked for various entities under the Shell Oil umbrella since 1997, traveling the world to provide support to Shell's projects from U.K. to the Netherlands, Africa, Far East, North America, and Arctic regions.

8. On or about December 16, 2014, Plaintiff and Defendant Shell Hostin Company entered into an employment contract for Plaintiff to work out of Houston, Texas on projects all over the Americas. Plaintiff's job title was UA Strategy and Portfolio Advisor.

9. The Long Term International Assignment ("LTIA") contained terms regarding his compensation, benefits, and termination procedures, among other items. Termination and severance procedure for expatriates requires Shell to provide a minimum of ninety days repatriation and ninety days notice period to the employee and to provide specific compensation in the form of salary and benefits.

10. In his role as a UA Strategy and Portfolio Advisor, Defendant Shell Hosting placed Plaintiff on several different projects working in conjunction with Defendants Shell Oil Products and Shell Exploration and Production. Throughout that time, Plaintiff's supervisors gave Plaintiff above satisfactory performance reviews.

11. In late 2015, the Arctic project with which Plaintiff was involved terminated. As such, Plaintiff was sent on projects in Norway, the Netherlands and Brunei and then returned to Houston at the end of 2016.

12. Upon Plaintiff obtaining UK citizenship in 2013, Shell refused to change his base country to the UK. Repatriation to the UK would have allowed Plaintiff to have a position and keep working at Shell. Furthermore, Defendants downgraded Plaintiff's Current Estimated Potential (CEP) without following its own internal policy. Such actions made it impossible for Plaintiff to secure a new role within Shell.

13. Around the same time several of Plaintiff's colleagues from the Arctic project received notices that their contracts would not be renewed and that they would receive the requisite severance package from their respective group severance plan, the international staff severed in host were receiving severance packages from their respective LTIA's.

14. When Plaintiff inquired as to whether he would be terminated and receive a severance, he was told on numerous occasions that if it happened, he would be given ninety days to repatriation as required under the Shell's International Mobility Policy.

15. While he has British citizenship, Plaintiff is considered an Indian expatriate for purposes under the LTIA. Plaintiff was told that he would be repatriated to India and the notice period for his severance would begin to run. However, Plaintiff has never worked for Shell India, and Shell India does not have a job that would fit Plaintiff's skill pool and experience as defined by Defendants. As such, he could not go back to India to do any work even if he were repatriated to India. In fact, Plaintiff was not offered any roles to consider in India.

16. Finally, Plaintiff was told that he would receive the requisite compensation under the LTIA.

17. Not one of these conditions were met. Rather than following the LTIA, Defendant chose to pick and choose from different country policies in handling Plaintiff's severance. Instead of ninety days repatriation and ninety days notice period, Plaintiff received 21 days written notice of termination while he was still in the USA. When he questioned the change, he was told because he worked in Texas, Shell could apply the Texas terms for notice. Each of these items constitutes

a breach of the LTIA. Furthermore he was told he would not be repatriated to India, instead he would be severed in the host country, USA. The most egregious though is the method in which Defendants calculated the severance pay. Defendants chose to apply Indian severance policy but chose to arbitrarily assign a pay and benefits package that was far less than what he had been earning in Texas. His actual gross pay and benefits in the USA would have netted him more than $1,000,000.00 in severance pay alone. Instead Defendant offered Plaintiff $160,000.00 by applying the aforementioned arbitrarily assigned Indian pay and benefits package. Defendants denied service credit of nearly twenty years in calculating gratuity under Indian severance policy. By picking the policy of one country for notice, another for repatriation, and applying the arbitrarily assigned pay and benefits schedule Plaintiff has suffered damages for which he now sues. Other Shell employees on LTIA that were severed in host were paid severance based on their actual gross pay and benefits they received while working in the USA.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

18.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

19. The LTIA effective December 16, 2014 constitutes a valid and written agreement. Plaintiff has performed his obligations under the contract. Defendants, however, have not performed their contractual obligations. Specifically, defendants did not follow their severance procedures with respect to repatriation, notice period, and calculating the amount owed to Plaintiff for his nearly twenty years of service. Defendants' nonperformance is a breach of the parties' contract.

## DAMAGES

20. As a direct and proximate result of defendants' breach, plaintiff suffered the following damages: the amount that is due to plaintiff under the terms of the LTIA.

## PRAYER

Accordingly, Plaintiff respectfully requests that the Court:

(a) Cite Defendants to appear and answer herein;

(b) Grant judgment in his favor;

(c) Award him compensatory damages;

(e) Award him reasonable and necessary attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code;

(f) Award him taxable court costs;

(g) Award him pre- and post-judgment interest; and

(h)  Award all equitable and other relief to which Plaintiff may show himself entitled.

Respectfully submitted,

LAW OFFICES OF BRIAN TAGTMEIER

_____
Brian Tagtmeier
State Bar No. 00785078
Federal Bar No. 16248
9002 Chimney Rock, Suite G388
Houston, Texas 77096
Telephone: (713) 598-8442
Email: Brian@mediatehouston.com

Dan R. Revier
SBN: 24025609
1445 North Loop West, Suite 380
Houston, Texas 77008
Telephone:  713-864-2393
Email:   dr.revier@justice.com

ATTORNEYS FOR PLAINTIFFS